## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Douglas A. Peterson,

      Plaintiff,

  v.

United States Postal Service,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-2363 ADM/JJG

_____

Douglas A. Peterson, pro se.

Bahram Samie, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

On December 4, 2013, the undersigned United States District Judge heard oral argument on Defendant the United States Postal Service's ("USPS") Motion to Dismiss [Docket No. 5]. Plaintiff Douglas A. Peterson did not appear in opposition to the motion.  For the reasons set forth below, Defendant's motion to dismiss is granted.

## II.  BACKGROUND

On or about August 5, 2013, Plaintiff Peterson initiated this action in Ramsey County Conciliation Court.  Not. of Removal [Docket No. 1] Ex. A (Complaint); Ex. B (Summons). Peterson was terminated as an employee of Defendant USPS on March 15, 2013.  Pl.'s Mem. in Opp'n Mot. to Dismiss [Docket No. 9].  That same day, Peterson made a written demand for his final wages, but alleges he did not receive them until March 29, 2013.  He thus seeks penalties for the late payment under Minn. Stat. § 181.13.  On August 29, 2013, the USPS removed this action to federal court, and October 1, 2013, the USPS moved to dismiss the action.

## III.  DISCUSSION

### A.  Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure (the "Rules") states that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted).

Subject matter jurisdiction "is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991).  If, whether prompted by the parties or otherwise, a court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  A defendant seeking dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) must prevail on either a facial or factual challenge to the complaint.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  In a facial challenge, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."  Id.

### B.  Application of Minn. Stat. § 181.13 to USPS

Because Peterson proceeds in this litigation pro se, his pleadings are interpreted liberally. Minn. Stat. § 181.13, a subsection of the "Payment of Wages Act," ("PWA" or the "Act") states that when an employee is discharged, "the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable upon demand of the employee."  If the employer does not pay the owed wages within 24 hours of discharge, "the discharged

employee may . . . collect a penalty equal to the amount of the employee's average daily earnings at the employee's regular rate of pay . . . for each day up to 15 days." Id.  Peterson made his written demand for wages under the statute on March 15, 2013, and did not receive final payment until March 29.  Thus, Peterson seeks approximately 14 days of additional wages. In response, and in addition to arguing the Court lacks subject matter jurisdiction in this case, the USPS argues the PWA does not apply to federal agencies as employers.

Peterson has not demonstrated how the PWA's definition of employer encompasses the USPS, a federal agency.  See Peltonen v. Branch No. 9, No. 05-605, 2006 WL 2827239, at *23 (D. Minn. Sept. 29, 2006) (noting USPS is federal agency) (citing Fed. Express Corp. v. U.S. Postal Serv., 151 F.3d 536, 539-40 (6th Cir. 1998); Wright v. Runyon, 2 F.3d 214, 216 (7th Cir. 1993)).  The PWA defines "employer" as "any person having one or more employees in Minnesota and includes the state and any political subdivision of the state."  Minn. Stat. § 181.171.  The USPS persuasively argues that a basic axiom of statutory interpretation applies here: namely, "the expression of one thing excludes others not expressed."  Watt v. GMAC Mortg. Corp., 457 F.3d 781, 783 (8th Cir. 2006).  Although the PWA specifically includes the state of Minnesota and its political subdivisions as employers under the Act, it does not include the federal government or its agencies.  The PWA thus implicitly excludes federal agencies from being subject to the Act.

This interpretation is in keeping with the "sensitive considerations of federalism which necessarily pervade a State's interest in regulating the employment relations of the wholly sovereign Federal weal."  Callanan v. Runyun, 903 F. Supp. 1285, 1294 (D. Minn. 1994) (reaching analogous holding with respect to application of Minnesota Human Rights Act to

USPS).  Presumably, had the Minnesota Legislature intended to apply a state wage law to the

federal government in its capacity as an employer, the legislature would have done so expressly.

See id.  Peterson has not demonstrated why another interpretation of § 181.171 is appropriate.

**C.  Collective Bargaining Agreement**

In their memoranda, the parties also address the USPS's purported sovereign immunity,

an issue the Court does not reach here.  Nevertheless, in the course of these arguments, Peterson

raises the Collective Bargaining Agreement ("CBA") that, in part, defined his terms of

employment with the USPS.[1]  To the extent Peterson is now also alleging a breach of the CBA,

that argument must fail because Peterson has not exhausted the arbitration process required by

the CBA.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983).

**IV.  CONCLUSION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion to Dismiss [Docket No. 5] is **GRANTED**;

2.      All claims alleged in the Complaint [Docket No. 1-1] are **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 7, 2014.

_____

[1]  Collective Bargaining Agrmeent, Between APWU, AFL-CIO and USPS, Nov. 21,
2010 to May 20, 2015, available at
http://www.apwu.org/dept/ind-rel/sc/APWU%20Contract%202010-2015.pdf